IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:09-CV-82-FL

| | | |
|---|---|---|
| KATHERINE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) (DE ## 19, 26). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge William A. Webb entered a memorandum and recommendation ("M&R") wherein he recommended that the court deny plaintiff's motion, grant defendant's motion, and uphold the Commissioner's final decision (DE # 28). Plaintiff timely filed an objection to the M&R, to which defendant responded. In this posture, the issues raise are ripe for ruling. For the reasons that follow, the court adopts the findings and conclusions of the magistrate judge as its own and upholds the Commissioner's final decision.

## STATEMENT OF THE CASE

Plaintiff filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on June 17, 2004, alleging disability beginning September 20, 2001. (R. at 18.) Plaintiff's claims were denied initially and upon reconsideration. (R. at 18, 118-31.) On May 9, 2006, plaintiff appeared before an administrative law judge ("ALJ"). At this hearing, plaintiff was represented by counsel and a vocational expert ("VE") testified. (R. at 62-112.) On

December 6, 2006, the ALJ issued a decision denying plaintiff's application. (R. at 15-32.) On April 7, 2007, plaintiff submitted additional evidence to the Appeals Council. (R. at 1039-84.) On March 27, 2009, the Appeals Council took the additional evidence into the record but denied plaintiff's request for review of the ALJ's decision. (R. at 6-9.) The ALJ's decision thus became the final decision of the Commissioner.

On May 14, 2009, plaintiff appeared before this court seeking leave to proceed *in forma pauperis* in her action seeking review of the Commissioner's decision. On May 19, 2009, the court granted plaintiff's *in forma pauperis* request, and plaintiff's complaint was filed. Defendant answered on July 16, 2009. Plaintiff moved for judgment on the pleadings on November 29, 2009, and defendant followed suit on March 29, 2010. The matter was referred to the magistrate judge, who entered his M&R on May 5, 2010. After receiving an extension of time to do so, plaintiff timely objected to the M&R on Jun 17, 2010. Defendant responded on June 29, 2010.

## DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3) to review the Commissioner's denial of benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

2

To assist it in making such a determination, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition" of a variety of motions, including motions for judgment on the pleadings. 28 U.S.C. § 636(b)(1)(B). In addressing plaintiff's objection to the M&R, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

B.    Analysis

Plaintiff makes two specific objections to the magistrate judge's analysis. First, plaintiff contends that a remand is required because the new evidence submitted to the Appeals Council bolstered the opinion of plaintiff's treating physician, to which the ALJ assigned minimal weight. Second, plaintiff contends that there is not substantial evidence in the record to support a finding that plaintiff can return to her past relevant work of security guard as she actually performed it. For the reasons that follow, the court is compelled to reject these arguments.

1.    New Evidence Received by the Appeals Council

Where the Appeals Council does not make an independent evaluation of newly submitted evidence, the court's role in reviewing the final decision of the Commissioner is "to consider the entire administrative record, including the new evidence received by the Appeals Council, and

3

determine if the decision of the ALJ was supported by substantial evidence." King v. Barnhart, 415 F. Supp. 2d 607, 612 (E.D.N.C. 2005). Plaintiff argues that the court should find that the additional evidence indicates that the treating physician's opinion, which was afforded minimal weight by the ALJ, was not properly considered. Under the relevant regulations, the opinion of a treating physician is "entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record," but the ALJ has discretion to afford the opinion less weight if it is unsupported or inconsistent with other substantial evidence. Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). Plaintiff argues that the additional evidence supports the opinion of plaintiff's treating physician and therefore requires a remand for the ALJ to afford the opinion its proper weight.[1]

The opinion at issue is that of Dr. Wynn Woodyear, who opined in a questionnaire dated January 16, 2006, that plaintiff was unable to perform even sedentary work activity due to a number of health conditions.[2] The ALJ found that this opinion was contradicted by other medical evidence, including Dr. Woodyear's own treatment notes.[3] As it relates to plaintiff's fatigue and shortness of breath, the only issues now argued by plaintiff as disabling, the evidence that the ALJ found to contradict Dr. Woodyear's opinion as to these conditions appears to have included Dr. Woodyear's

---

[1] Plaintiff initially argued that the court should remand this matter because the Appeals Council failed to explicitly indicate the weight given to the additional evidence received by it. As the magistrate judge noted and plaintiff now concedes, this argument runs squarely in the face of this court's prior decision in King. Plaintiff's argument with respect to the treating physician's opinion was raised for the first time in opposition to the M&R, as permitted in this Circuit. See United States v. George, 971 F.2d 1113, 1118 (4th Cir. 1992).

[2] Specifically, the health conditions that were disabling in Dr. Woodyear's opinion included a recent heart attack; depression; diabetes; lung disease; severe muscle pain; gastroesophageal reflux disease/dyspepsia/dysphagia; anemia; chest pain; frequent urinary tract infections; and hyperlipidemia.

[3] The ALJ also noted that Dr. Woodyear's medical opinion was provided through a form supplied by plaintiff's attorney and that Dr. Woodyear's relationship with plaintiff would tend to make him complete the form in the manner that was most beneficial to plaintiff.

treatment notes indicating (1) that plaintiff had clear lungs and normal heart readings during an examination on July 6, 2004; (2) that plaintiff was well-appearing and her physical examination was within normal limits during an examination on November 9, 2004; (3) that plaintiff's only problems were chronic pain, left knee pain, and depression, and that her other problems were stable in an examination on May 16, 2005; (4) that plaintiff's lungs were clear and her heart rate and rhythm regular during an examination on August 15, 2005; and (5) that plaintiff was stable and in no acute distress on October 3, 2005.

Plaintiff contends that the new evidence shows that plaintiff did have severe problems with her heart and lungs, bolstering the opinion of Dr. Woodyear and demonstrating that the ALJ improperly rejected that opinion. The magistrate judge thoroughly reviewed this additional evidence, which pertains to plaintiff's health in the months following a coronary artery bypass grafting on May 26, 2006, to treat an obstruction in her left anterior descending coronary artery. As the magistrate judge noted, the plaintiff recovered well from surgery, and doctors opined shortly thereafter that she could resume normal activity, including lifting up to twenty pounds. Dr. Woodyear examined plaintiff a month after the surgery and found that her lung disease was stable and that her heart sounded regular. On July 12, 2006, plaintiff's surgeon indicated that plaintiff was recovering well from surgery, and plaintiff denied having chest pains or shortness of breath at rest or with activity. Subsequent consultations with Dr. Woodbridge and other doctors indicate that plaintiff recovered well from surgery and suffers little, if any, continuing chest pain.

Upon *de novo* review of the record, including the newly submitted evidence, the court concludes that substantial evidence supports the ALJ's decision to afford the opinion of plaintiff's treating physician minimal weight. As noted, the additional evidence tends to demonstrate that

5

plaintiff had a heart condition requiring bypass surgery near the time of the hearing before the ALJ, and that she successfully recovered from this surgery with improved heart function. This new evidence is not inconsistent with the ALJ's analysis. The ALJ found that plaintiff had a severe impairment arising from asthma, chronic obstructive pulmonary disease, and a history of myocardial infarctions, but further found that these conditions did not meet a listing and that Dr. Woodyear's opinion about the limitations imposed by these conditions was not entitled to great weight. The new evidence does show heart disease, but does not negate the numerous examinations in 2004 and 2005 in which Dr. Woodyear noted regular heart and lung activity, and plaintiff has not demonstrated how this specific heart condition or surgery meets a listing going back to September 20, 2001 (the date on which plaintiff's disability is alleged to have begun).

In King, this court noted that "[i]f . . . the new evidence contains an opinion of a treating physician that claimant was disabled, that opinion not having been addressed or contradicted by other evidence in the record, the great weight accorded to such an opinion would require remand." 415 F. Supp. 2d at 611. This is not such a case. Dr. Woodyear's opinion was addressed by the ALJ, who determined that it was contradicted by other evidence in the record. Although the plaintiff has submitted additional evidence that may appear to bolster Dr. Woodyear's opinion, substantial evidence remains for the ALJ to have discounted that opinion. Accordingly, plaintiff's first objection to the M&R is overruled.

2. Ability for Perform Past Relevant Work

The ALJ concluded that plaintiff was capable of performing past relevant work as a security guard, both as she had actually performed it in the past and as it is generally performed in the national economy. Plaintiff's initial argument focused solely on the latter finding. Specifically,

6

plaintiff contended that there were unexplained discrepancies between the job description of "security guard" in the Dictionary of Occupational Titles ("DOT") and the hypothetical limitations given by the ALJ in his questioning of the VE. After admirably analyzing the administrative record, containing almost twelve hundred (1200) pages, the magistrate judge declined to address plaintiff's argument because he found substantial evidence to support a finding that plaintiff was capable of engaging in her past work as she previously performed it. See Pass v. Chater, 65 F.3d 1200, 1207 (4th Cir. 1995). In her second objection to the M&R, plaintiff now argues that substantial evidence does not in fact support this finding.[4]

The ALJ found that plaintiff has the residual functional capacity for work involving lifting and carrying ten pounds frequently and twenty pounds occasionally, as well as standing, walking and sitting six hours each in an eight-hour work day. The ALJ noted that plaintiff is restricted from climbing ladders, scaffolding, and ropes, and can only occasionally climb, balance, stoop, kneel, crouch or crawl. The ALJ also found plaintiff to be restricted from more than occasional reaching overhead with her right arm and from concentrated exposure to temperature extremes and fumes. Finally, the ALJ noted that plaintiff is restricted from work requiring more than three-step task functions with only low stress, meaning low production work with only occasional contact with the public. When presented with the foregoing limitations in a hypothetical, the VE concluded that they were not inconsistent with plaintiff's past work as a security guard.[5]

---

[4] As with plaintiff's argument regarding the physician's opinion, see supra note 1, this argument was raised for the first time in the objections to the M&R. See generally George, 971 F.2d at 1118.

[5] As noted by plaintiff, it is not clear from the colloquy between the ALJ and the VE whether the VE was opining about plaintiff's ability to perform past relevant work as it was actually performed or as it is generally performed. Where the ALJ interpreted the ALJ's statements as a conclusion that plaintiff could perform her past relevant work as a security guard both as actually and generally performed, and where either of these grounds is sufficient to uphold the ALJ's decision, see Pass, 65 F.3d at 1207, the court need not further address this confusion.

7

Like the magistrate judge, the court finds that substantial evidence supports the ALJ's determination that plaintiff is capable of performing past relevant work as a security guard as she had actually performed it in the past, and proceeds no further. Plaintiff points to her testimony that her job as a security guard involved opening a fence, inspecting and keeping track of the trucks going in and out, walking around the perimeter, and checking employees' badges. But although this involved standing and walking in some combination of up to seven hours per day, plaintiff did not indicate that she stood or walked exclusively more than the six hours allotted to each by the ALJ.[6] Moreover, although plaintiff noted that the trucks kicked up a great deal of dust and that other the smoking of other individuals triggered her asthma, there is nothing in plaintiff's testimony to indicate that these resulted in the sort of "concentrated exposure" the ALJ found to be limiting. Finally, nothing in the plaintiff's testimony would support a finding that her job as a security guard involved climbing, production quotas, or frequent interaction with the public. Accordingly, plaintiff's second objection to the M&R is overruled.

## CONCLUSION

For the foregoing reasons, upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon a considered review of the uncontested proposed findings and conclusions, the court OVERRULES plaintiff's objections to the M&R and ADOPTS the findings and recommendations of the magistrate judge (DE # 28) as its own. Plaintiff's motion for judgment on the pleadings (DE # 19) is DENIED, and defendant's motion for

---

[6] Plaintiff also noted that, at another job she had worked as a security guard, she did not have to walk the perimeter at all. Presumably this security guard job involved even less walking.

judgment on the pleadings (DE # 26) is GRANTED. The final decision of the Commissioner is upheld. The Clerk is DIRECTED to close this case.

SO ORDERED, this the 10th day of August, 2010.

_____
LOUISE W. FLANAGAN
Chief United States District Judge